---

Nos. 22-1353 and 22-1439

---

## United States Court Of Appeals
## For the Seventh Circuit

---

CHERANNZETTA STAGGER

Plaintiff-Appellant, Cross-Appellee
v.

EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant-Appellee, Cross-Appellant

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, No. 1:21-cv-02001
THE HONORABLE JOHN J. THARP, JR.**

**REPLY BRIEF OF APPELLANT AND RESPONSE TO CROSS-
APPELLANT'S BRIEF**

DAWN M. MCCRAW
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585

DAVID A. CHAMI
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515

*Attorneys for Appellant/Cross-Appellee*
*Cherannzetta Stagger*

**REPLY BRIEF** .................................................................................................1

**SUMMARY OF THE ARGUMENT** ..............................................................1

**ARGUMENT** ..................................................................................................2

    **I.**    EXPERIAN MISCHARACTERIZES THE NATURE OF THE CASE; REGARDLESS, NUMEROUS FEDERAL COURTS HAVE ALREADY HELD THAT WHETHER EXPERIAN FAILED TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY REGARDING THE POST-BANKRUPTCY DISCHARGE REPORTING PROCEDURES AT ISSUE HERE IS A JURY QUESTION...................2

    **II.**    THE DISTRICT COURT INCORRECTLY HELD THAT APPELLANT DOES NOT HAVE STANDING; ACCORDINGLY, APPELLANT RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT REVERSE THE DISMISSAL. ........................................................................8

        *A.*    *The District Court Erred By Relying Upon Experian's Misstatements Of The Law And Misconstrues Ramirez, Spokeo, And Seventh Circuit Authority Regarding Standing.* ...........................8

        *B.*    *The District Court Also Erred by Making Impermissible Findings of Disputed Issues of Fact Based of Experian Mischaracterization of the Record and Effect of Experian's Materially Inaccurate Reporting.*........................................................12

            *i.*    *Experian indisputably reported inaccurate information.*..........................................................13

            *ii.*    *Experian mischaracterizes the degree of harm—effect of inaccurate reporting.* ........................................15

        *C.*    *The District Court Made Incorrect and Impermissible Factual Determinations of Disputed Issues of Fact While Discovery Remained Ongoing and Incomplete.* ..................................17

    **III.**    EXPERIAN PRESENTED AN INCOMPLETE CONSUMER REPORT OF THE ACCOUNT TRADELINE THAT IS MATERIALLY FALSE AND MISLEADING; NEVERTHELESS, SINCE THE TRADELINE REPORTING WAS CONSIDERED AND RELIED UPON BY THE DISTRICT COURT, THIS IS NOT

THE TYPE OF NEW OR UNDISCLOSED EVIDENCE THAT IS
TYPICALLY PRECLUDED. ...................................................................19

**RESPONSE TO EXPERIAN'S CROSS-APPEAL ...........................................19**

**I.**     STATEMENT OF JURISDICTION. .......................................................19

     *A.*     *Experian Failed to Timely Appeal and the Cross-Appeal Should*
       *be Dismissed ...........................................................................20*

**II.**    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
BY APPLYING WAIVER TO EXPERIAN'S FAILURE TO
COMPLY WITH THE FEDERAL RULES OF CIVIL
PROCEDURE AND ITS BAD FAITH, WILLFUL DISCOVERY
CONDUCT ...........................................................................................21

**CONCLUSION.............................................................................................28**

**CERTIFICATE OF COMPLIANCE ...............................................................29**

**CERTIFICATE OF SERVICE .........................................................................30**

# Table of Authorities

## Cases

*Acosta v. Trans Union, LLC*,
   240 F.R.D. 564 (C.D. Cal. 2007) ........................................................... 14

*Alsibai v. Experian Info. Sols.*,
   488 F. Supp. 3d 840 (D. Minn. 2020) ................................................. 3, 6

Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y
   of the U.S.,
   406 F.3d 867 (7th Cir. 2005) .................................................................. 26

*American Bottom Conservancy v. U.S. Army Corps of Engineers*,
   650 F.3d 652 (7th Cir. 2011) .................................................................. 20

*Andrews v. TRW, Inc.,*
   225 F.3d 1063 (9th Cir. 2000) ................................................................. 9

*Bazile v. Fin. Sys. of Green Bay, Inc.*,
   983 F.3d 274 (7th Cir. 2020) .................................................................. 18

*Benjamin v. Experian Info. Sols.*,
   No. 1:20-cv-02466-CC-RDC, 2021 U.S. Dist. LEXIS 179980 (N.D.
   Ga. Aug. 4, 2021) ........................................................................... 4, 5, 7

*Bryant v. TRW, Inc.,*
   487 F. Supp. 1234 (E.D. Mich. 1980) ..................................................... 7

*Chuluunbat v. Experian Information Sols.*,
   4 F.4th 562 (7th Cir. 2021) ..................................................................... 8

*Collins v. Illinois*,
   554 F.3d 693 (7th Cir. 2009) .................................................................. 22

*Cortez v. Trans Union, LLC*,
   617 F.3d 688 (3d Cir. 2010) .................................................................... 7

*Dennis v. BEH–1, LLC*,
   520 F.3d 1066 (9th Cir. 2008) ................................................................. 7

*DiPrinzio v. MBNA America Bank, N.A*.,
   2005 U.S. Dist. LEXIS 18002 (E.D. Pa. Aug. 4, 2005) ........................ 14

*Evans v. Portfolio Recovery Assocs., LLC*,
    889 F.3d 337 (7th Cir. 2018) ........................................................................11, 12

*Fairley v. Fermaint*,
    482 F.3d 897 (7th Cir. 2006) ................................................................................21

*Federal Election Comm'n v. Akins*,
    524 U.S. 11, 118 S. Ct. 1777 (1998) ......................................................................8

*Ferrin v. Experian Information Solutions, Inc*.,
    20-CV-841-NEB/TNL (D. Minn. July 26, 2022)....................................4, 5, 13, 16

*Flood v. Dominguez*,
    No. 2:08-cv-153-PPS-PRC, 2011 WL 578656 (N.D. Ind. Feb. 9,
    2011) ......................................................................................................................25

*Flynn v. FCA U.S., LLC*,
    No. 20-1698 (7th Cir. July 14, 2022) ...................................................................17

*Gadelhak v. AT&T Servs., Inc.*,
    950 F.3d 458 (7th Cir. 2020) .......................................................................9, 10, 15

*Gibson v. Experian Info. Sols.*,
    494 F. Supp. 3d 613 (E.D. Mo. 2020) ...................................................................3

*Hansel 'N Gretel Brand, Inc. v. Savitsky*,
    1997 WL 698179 (S.D.N.Y. 1997) .......................................................................25

*Hernandez v. Experian Info. Sols.*,
    No. 21-55588 (9th Cir. May 3, 2022).................................................................6, 7

Hobley v. Burge,
    433 F.3d 946 (7th Cir. 2006) ................................................................................26

*Holifield v. United States*,
    909 F.2d 201 (7th Cir. 1990) ................................................................................22

*In re Grand Jury Proceedings*,
    220 F.3d 568 (7th Cir. 2000) ................................................................................22

*Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am*.,
    No. 1:13-cv-01316-JMS-TAB, 2015 WL 4715202 (S.D. Ind. Aug. 7,
    2015) ......................................................................................................................22

*Irby v. Fashion Bug* (*In re Irby*),337 B.R. 293, 295 (Bankr. N.D. Ohio
 2005) ................................................................................................................. 14

*Jackson v. City of Peoria*,
 825 F.3d 328 (7th Cir. 2016) .................................................................................. 8

*James v. Hyatt Regency Chi.*,
 707 F.3d 775 (7th Cir. 2013) .................................................................. 21, 22, 27

*Jones Motor Co., Inc. v. Holtkamp, Liese, Beckemeier & Childress,
 P.C.*,
 197 F.3d 1190 (7th Cir. 1999) .............................................................................. 20

Jorling v. Anthem, Inc.,
 1:09-cv-0798-TWP-TAB (S.D. Ind. Aug. 25, 2011) ........................................... 26

*Kalis v. Colgate–Palmolive Co.,*
 231 F.3d 1049 (7th Cir.2000) ......................................................................... 21, 27

*Kamelgard v. Macura*,
 585 F.3d 334 (7th Cir. 2009) ................................................................................ 20

Larsen v. City of Beloit,
 130 F.3d 1278 (7th Cir. 1997) .............................................................................. 26

*Laura v. Experian Info. Sols.*,
 20-cv-01573 (N.D. Ill. Mar. 18, 2022) ............................................................ 7, 16

*Mannheim Video, Inc. v. Cnty. of Cook*,
 884 F.2d 1043 (7th Cir. 1989) ................................................................................ 8

*Markakos v. Medicredit, Inc.*,
 997 F.3d 778 (7th Cir. 2021) ................................................................................ 18

*Marrocco v. General Motors Corp.*,
 966 F.2d 220 (7th Cir. 1992); Patterson, 852 F.2d at 283 ................................... 28

*Melendez v. Illinois Bell Telephone Company*,
 79 F.3d 661 (7th Cir. 1996) .................................................................................. 28

*Mold-Masters Ltd. v. Husky Injection Molding Sys., Ltd.*,
 No. 01-C-1576, 2001 WL 1558303 (N.D. Ill. Dec. 6, 2001) ............................... 25

*Morgan v. Trans Union LLC*,
   2019 WL 5490624 (N.D. Ga. Aug. 26, 2019) .......................................... 3

*Morris v. Experian Info. Sols., Inc.*,
   478 F. Supp. 3d 765 (D. Minn. 2020) ................................................. 3, 6

*Nissou-Rabban v. Capital One Bank (USA), N.A.*,
   285 F. Supp. 3d 1136 (S.D. Cal. 2018) ................................................ 14

*Njie v. Experian Info. Sols.*,
   No. 1:20-cv-04735-JPB-LTW, 2021 U.S. Dist. LEXIS 144501, at *9
   (N.D. Ga. June 25, 2021) .................................................................. 6

*Persinger v. Sw. Credit Sys.*,
   20 F.4th 1184, (7th Cir. 2021) .......................................................... 10

*Petrovic v. City of Chi.*,
   No. 06-c-611, 2007 WL 2410336 (N.D. Ill. Aug. 21, 2007) ................... 25

*Retired Chi. Police Ass'n v. City of Chicago*,
   76 F.3d 856 (7th Cir. 1996) ............................................................... 18

*Rice v. City of Chicago*,
   333 F.3d 780 (7th Cir. 2003) ............................................................. 22

*Rose Acre Farms, Inc. v. Madigan*,
   956 F.2d 670 (7th Cir., 1992) ............................................................ 20

*Shaw v. Experian Info. Sols.*, Inc.,
   891 F.3d 749 (9th Cir. 2018) ............................................................. 15

*Smith v. E-BackgroundChecks.com, Inc.,*
   81 F. Supp. 3d 1342 (N.D. Ga. 2014) .................................................... 9

*Stagger v. Experian Info. Sols.*,
   No. 21 C 2001 (N.D. Ill. Nov. 15, 2021) .......................................... 23, 27

*Stewart v. Credit Bureau, Inc.*,
   734 F.2d 47 (D.C. Cir. 1984) ............................................................... 7

*Stone Container Corp. v. Hartford Steam Boiler Inspection & Ins. Co.*,
   165 F.3d 1157 (7th Cir. 1999) ........................................................... 20

*Sunseri v. Experian Info. Sols.,*
  No. 21-55583 (9th Cir. May 3, 2022)...................................................6, 7

*Turner v. J.V.D.B. & Assocs., Inc.*,
  330 F.3d 991 (7th Cir. 2003) ..............................................................14

*United States v. BDO Seidman*,
  337 F.3d 802 (7th Cir. 2003) ..............................................................22

*Wheeler v. Experian Info. Sols., Inc.,*
  No. 21-55585, 2022 U.S. App. LEXIS 11996 (9th Cir. May 3, 2022)..........passim

## **<u>Rules</u>**

Fed. R. App. P. 32(a)(7)(B) ....................................................................29

Fed. R. App. P. 4(a)(1)(A) ......................................................................21

Fed. R. Civ. P. 11 ...................................................................................26

Fed. R. Civ. P. 26(b)(5)...........................................................22, 24, 25, 26

## **<u>Statutes</u>**

15 U.S.C. §1681e(b) .........................................................................2, 3, 6, 9

28 U.S.C. § 1927 ....................................................................................26

## REPLY BRIEF

Appellant principally relies on the arguments and authority in the Opening Brief which, notwithstanding Experian's response, confirms that Appellant has standing. Additionally, as discussed herein, Experian fundamentally misconstrues relevant, controlling authority, relies upon strawman contentions, and distortions (if not outright falsities) of the underlying facts and evidence.

## SUMMARY OF THE ARGUMENT

None of the arguments raised by Appellee's response brief and "cross appeal" are persuasive. First, Appellee's use of the irrelevant truism that the FCRA is not a strict liability statute does not obviate the fact that whether Appellee failed to follow reasonable procedures to assure maximum possible accuracy regarding the post-bankruptcy discharge reporting at issue here is a jury question. Second, the district court's dismissal on the basis of standing relied entirely upon (1) misstatements of the relevant law, (2) misconstructions of *Ramirez*, *Spokeo*, and seventh circuit authority, and (3) impermissible findings of disputed fact while relevant discovery was ongoing.

Finally, Appellant responds to the claims raised by Appellee's procedurally inappropriate "cross appeal." As an initial and dispositive consideration, the Court does not have jurisdiction over the issues raised because Appellant failed to timely appeal the relevant order. Regardless, the district court did not abuse its discretion by

1

applying the appropriate sanction of waiver to Appellee's blatant failure to comply with the federal rules of civil procedure as well as its bad faith discovery conduct.

## ARGUMENT

### I. EXPERIAN MISCHARACTERIZES THE NATURE OF THE CASE; REGARDLESS, NUMEROUS FEDERAL COURTS HAVE ALREADY HELD THAT WHETHER EXPERIAN FAILED TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY REGARDING THE POST-BANKRUPTCY DISCHARGE REPORTING PROCEDURES AT ISSUE HERE IS A JURY QUESTION.

Experian states, "the FCRA is not a strict liability statute," and that "[n]o provision of the FCRA obligates CRAs to determine the effect of a general bankruptcy discharge on individual tradelines." Doc. 36, p. 5. Experian therefore argues that in the absence of a prior consumer dispute or express notification by the furnisher would impart strict liability here. *Id*. at pp. 5-6. Experian is incorrect.

Far from imparting strict liability, Experian knows from numerous other similar cases (where Experian has made the same arguments), that federal courts categorically reject that CRAs like Experian may simply await a consumer dispute or express furnisher notification in the context of post-bankruptcy discharge reporting before updating a consumer report to accurately report discharged debts.

First, under 15 U.S.C. §1681e(b), a prior dispute by the consumer is not necessary. *See Wheeler v. Experian Info. Sols., Inc.,* No. 21-55585, 2022 U.S. App. LEXIS 11996, at *2 (9th Cir. May 3, 2022) (although Wheeler did not send a

2

consumer dispute, he "has stated a claim for a violation of § 1681e(b)"); *Morris v. Experian Info. Sols., Inc.*, 478 F. Supp. 3d 765, 769 (D. Minn. 2020) ("Defendants read too much into those cases, however. Those cases do not require the *plaintiff* to provide notice in every § 1681e(b) case, but merely hold that, unless a CRA has reason to doubt the reliability of a source of information, the CRA acts reasonably in relying on that source and does not have to independently investigate the accuracy of the source's information."); *Alsibai v. Experian Info. Sols.*, 488 F. Supp. 3d 840, 847 (D. Minn. 2020) ("Once again, the weight of authority is against Trans Union. To the extent it argues that [plaintiff] himself had to be the one to contact the agency to report an inaccuracy, it is wrong."); *see also Gibson v. Experian Info. Sols.*, 494 F. Supp. 3d 613, 616 (E.D. Mo. 2020) (stating that "section 1681e(b) does not require a consumer to notify the CRA of an error"); *Morgan v. Trans Union LLC*, 2019 WL 5490624 at *4 (N.D. Ga. Aug. 26, 2019) ("There is no requirement under § 1681e(b) that a consumer first dispute the accuracy of the information with a third-party before a cause of action accrues[.]").

Second, as to the presumptive effect of discharge, Experian does not require either a prior dispute by the consumer or express notice by the furnisher. Federal courts have correctly and consistently held that where, as here, Experian has knowledge of the bankruptcy discharge, and that a debt predated the discharge, the debt is presumptively discharged and should not be reported with any outstanding

balance post-discharge.[1] Experian knows this, yet follows unreasonable procedures, which exclude certain categories of discharged debts, including so-called "current" accounts despite repeated admonition by federal courts that Experian's resultant reporting is inaccurate. *See Benjamin v. Experian Info. Sols.*, No. 1:20-cv-02466-CC-RDC, 2021 U.S. Dist. LEXIS 179980 at *34-35 (N.D. Ga. Aug. 4, 2021) ("From a legal standpoint, there is nothing particularly complicated about the effect of a Chapter 7 bankruptcy. Experian's own procedures already recognize the consequences of a general discharge in Chapter 7 bankruptcy.") (denying Experian's motion for summary judgment and finding that a genuine issue of material fact as to the reasonableness of Experian's post-discharge reporting procedures exists) (report and recommendation adopted by 2021 U.S. Dist. LEXIS 178193 (N.D. Ga. Sep. 20, 2021)). *See also Ferrin v. Experian Information Solutions, Inc.*, 20-CV-841-NEB/TNL, at *8-13 (D. Minn. July 26, 2022) (granting consumer-plaintiff partial summary judgment by finding that Experian's reporting of an outstanding balance for discharged debt is inaccurate as a matter of law, and that a genuine issue

---

[1]    Experian's insistence that no provision of the FCRA requires it to determine the effect of a discharge is troubling (and unhelpful to Experian), considering the legion of recent authority cited herein where federal courts have found that it is inaccurate to report outstanding balances for discharged debt after the discharge. *See, e.g.*, *Losch v. Nationstar Mortg.*, 995 F.3d 937 (11th Cir. 2021); *Laura*, No. 20-cv-01573; *Ferrin*, No. 20-CV-841-NEB/TNL.

of material fact as to the reasonableness of Experian's post-discharge reporting procedures exists).

As the courts in *Benjamin*, *Ferrin*, and others have recognized, there is no exception for so-called "current accounts" in the Bankruptcy Code or under federal law—Experian knows that these accounts are discharged and that no outstanding balance exists. This is especially true when Experian knows the account which it reports as still owed has not been updated by the furnisher since before the bankruptcy was filed (as was the case here).[2]

The foregoing cases involve the same type of inaccurate reporting of outstanding balances after a debt has been indisputably discharged in bankruptcy, but Experian nevertheless knowingly reports these accounts, including Appellant's Account, as Open and with an outstanding balance/liability after the discharge.

Experian maintains it is permitted (even required) to report these inaccuracies by a class action settlement in *White*. *See White v. Experian Info. Sols.*, No. CV 05-1070-DOC (MLGx), 2008 WL 11518799, at p. 6 (C.D. Cal. Aug. 19, 2008). However, Experian fails to disclose that federal appellate and district courts have uniformly rejected that *White* (a 2008 class action settlement) is either applicable or mandates the inaccuracies at issue here, including, notably, the Ninth Circuit which

---

[2]     *Wheeler*, *infra* p.13.

reversed the district court's[3] dismissal of the plaintiffs' claims in three (3) separate cases where Experian reported the same type of inaccuracies for discharged debt and argued that this was permitted/required by *White*. *See Wheeler v. Experian Info. Sols.,* No. 21-55585 (9th Cir. May 3, 2022); *Sunseri v. Experian Info. Sols.,* No. 21-55583 (9th Cir. May 3, 2022); *Hernandez v. Experian Info. Sols.,* No. 21-55588 (9th Cir. May 3, 2022). *See also Njie v. Experian Info. Sols.*, No. 1:20-cv-04735-JPB-LTW, 2021 U.S. Dist. LEXIS 144501, at *9 (N.D. Ga. June 25, 2021); ("However, the *White* Order is not binding on this Court in a *stare decisis* sense. […] [And] the *White* Court's decision that the procedures outlined therein 'were reasonable' is not binding on this Court."); *Morris v. Experian Info. Sols., Inc.*, 478 F. Supp. 3d 765, 771 (D. Minn. 2020) ("That a report complies with the *White* settlement does not by itself establish that the report complies with § 1681e(b), however. After all, *White* is not binding on this Court."); *Alsibai v. Experian Info. Sols., Inc.*, 488 F. Supp. 3d 840, 847 (D. Minn. 2020) ("*White* is not binding on a federal district court in Minnesota.").

As these courts recognize, a CRA like Experian cannot report discharged debt with an outstanding balance after the discharge, under *White* or otherwise. This is in accord with longstanding federal law where federal courts have found jury questions

---

[3]     Notably, the district court that initially dismissed those cases was the same court that approved the *White* settlement. To Appellant's knowledge, this is the only federal court to have done so, but the dismissals were reversed in each case by the Ninth Circuit. Thus, Experian's continued reliance on *White* while omitting the legion of adverse/contrary authority is troubling.

on liability where a CRA reports (inaccurate) information when the reported information is inconsistent with the CRA's own records, contains a facial inaccuracy, or is otherwise unreliable. *See Dennis v. BEH–1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008) (reversing entry of summary judgment, entering partial summary judgment for plaintiff, and remanding unreasonable procedures claim for trial where plaintiff alleged Experian inaccurately reported available public record information; *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708–11 (3d Cir. 2010) (affirming denial of motion for judgment as a matter of law where agency knew of inconsistencies in reported information and failed to verify); *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51–53 (D.C. Cir. 1984) (reversing dismissal of plaintiff's unreasonable procedures claim and finding genuine issue of fact where plaintiff's report contained information placing agency on notice of inconsistencies); *Bryant v. TRW, Inc.,* 487 F. Supp. 1234 (E.D. Mich. 1980), *aff'd*, 689 F.2d 72 (6th Cir. 1982) (upholding jury verdict for willful violation where agency knew of inconsistencies and therefore had duty to verify).

Thus, to the extent Experian claims that Appellant seeks strict liability here, or that *White* renders Experian's procedures reasonable, these are illusory contentions. *See Hernandez*, No. 21-55588; *Sunseri* No. 21-55583; *Wheeler*, No. 21-55585; *Benjamin*, No. 1:20-cv-02466; *Laura v. Experian Info. Sols.,* 20-cv-01573 (N.D. Ill. Mar. 18, 2022). Experian's failure to cite known, adverse authority that are directly on point is revealing. *See Chuluunbat v. Experian Information Sols.*, 4 F.4th 562, 567

n.4 (7th Cir. 2021) ("Parties have an obligation to alert the court to relevant authority, regardless of whether it supports their positions.") (citing *Jackson v. City of Peoria*, 825 F.3d 328, 331 (7th Cir. 2016); *Mannheim Video, Inc. v. Cnty. of Cook*, 884 F.2d 1043, 1047 (7th Cir. 1989).

## II. THE DISTRICT COURT INCORRECTLY HELD THAT APPELLANT DOES NOT HAVE STANDING; ACCORDINGLY, APPELLANT RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT REVERSE THE DISMISSAL.

### A. THE DISTRICT COURT ERRED BY RELYING UPON EXPERIAN'S MISSTATEMENTS OF THE LAW AND MISCONSTRUES RAMIREZ, SPOKEO, AND SEVENTH CIRCUIT AUTHORITY REGARDING STANDING.

Experian discusses *Spokeo* yet fails to recognize that the Supreme Court **expressly** recognized in *Spokeo* that injuries in fact can be established by the violation of a procedural right granted by statute, such as the FCRA where the harm closely resembles a common law harm:

> The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified.

*Spokeo*, 578 U.S. at 342 (citing *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20–25, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998)).

The Supreme Court did not provide an exhaustive list of instances where the violation of a procedural right would or would not confer standing but did provide an example of an incorrect zip code. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016)

8

("An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.").

The inaccuracy at issue here does not pertain to an incorrect zip code or the like, but instead pertains to material financial information—Appellant's outstanding liability for a financial obligation that was indisputably discharged. This is precisely the type of material financial information the FCRA was enacted to encompass. "The [FCRA] seeks to promote 'fair and accurate credit reporting' and to protect consumer privacy. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (citing § 1681(a). "To achieve those goals, the Act regulates the consumer reporting agencies that compile and disseminate personal information about consumers." *Id*. The FCRA "imposes a host of requirements concerning the creation and use of consumer reports," *id*. citing *Spokeo*, 578 U. S. 33, including that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy" in consumer reports. *Ramirez*, at 2200 (citing § 1681e(b)). The objective of § 1681e(b) is to ensure "maximum possible accuracy." An assurance of maximum possible accuracy under §1681e(b) requires more "than merely allowing for the possibility of accuracy." *Smith v. E-BackgroundChecks.com, Inc.,* 81 F. Supp. 3d 1342, 1357 n.18 (N.D. Ga. 2014). The statute accordingly imposes a high standard for consumer reporting agencies. *Andrews v. TRW, Inc.,* 225 F.3d 1063, 1068 (9th Cir. 2000) ("very high standard set by statute"), rev'd on other grounds, 534 U.S. 19 (2001).

Experian attempts to downplay the significance of its reported inaccuracy by comparing the inaccuracy here to the inaccuracies in *Ramirez*, where TransUnion placed account alerts indicating that the consumers were a potential match for names appearing on a Department's Office of Foreign Assets Control ("OFAC") list. However, Experian's degree of harm approach is not only unsupported by the plain holdings of *Ramirez* as well as *Spokeo*,[4] but has been repeatedly rejected by this Circuit.

> **When determining if a statutorily identified, intangible harm has a close-but-not-exact match in American history or at common law, we look to the kind of injury the statute protects, <u>not the degree of harm suffered.</u>**

*Ewing*, 24 F.4th at 1151 (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020)). *See also Persinger v. Sw. Credit Sys.*, 20 F.4th 1184, 1192 (7th Cir. 2021) (Nevertheless, *Spokeo* and *Ramirez* make clear our responsibility to look for a close relationship "**in kind, not degree**." *See Gadelhak*, 950 F.3d at 462. Whether Persinger would prevail in a lawsuit for common law invasion of privacy is irrelevant. It is enough to say that the harm alleged in her complaint resembles the

---

[4] In *Ramirez*, the Supreme Court expressly held that a consumer suffers concrete and particularized harm, conferring standing, where a consumer reporting agency (such as Experian) disseminates, i.e., **publishes**, false or materially misleading information about a consumer to third parties. *See Ramirez*, 141 S. Ct. 2190.

harm associated with intrusion upon seclusion. *See id.* at 462–63. Thus, it is a concrete injury.).

Thus, the fact that Appellant was not placed on an OFAC list bears no relevance here. Experian **indisputably** reported material inaccuracies about Appellant and also **indisputably** disseminated (published) this inaccurate information to numerous third parties in response to specific requests for Appellant's credit information. These third parties included Capital One, JP Morgan Chase Bank, Opportun/Progreso, Harris & Harris LTD, and Premier Bankcard, Inc. (App. 0023-025). Thus, under both *Spokeo* and *Ramirez*, standing begins and ends with the publication of material inaccuracies that occurred here and Appellant has standing.

To be certain, this Circuit has likewise held that reporting inaccurate financial information confers standing. In *Evans*, this Court held that failing to report accurate information sufficiently confers standing.

> Here, PRA's alleged violation of § 1692e(8) is sufficient to show an injury-in-fact. Because PRA failed to report to a credit reporting agency that the debt is disputed, the plaintiffs suffered "a real risk of financial harm caused by an inaccurate credit rating." *Sayles v. Advanced Recovery Sys., Inc.,* 865 F.3d 246, 250 (5th Cir. 2017); *see also Saunders v. Branch Banking & Tr. Co*., 526 F.3d 142, 146–47 (4th Cir. 2008) ("[The defendant's] decision to report the debt but not the dispute resulted in a much lower credit score for [the plaintiff] than a report of both the debt and the dispute."). An inaccurate credit report produces a variety of negative effects. For instance, it is "a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers." Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1082 (7th Cir. 2013) (quoting Tyler v. DH Capital Mgmt., 736 F.3d 455, 464 (6th Cir. 2013)).

\*     \*     \*

> In contrast, plaintiffs here explicitly alleged a risk of concrete harm—
> they pointed to the risk of financial harm as result of credit reporting
> agencies lowering their credit score. As such, they have Article III
> standing." *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346
> (7th Cir. 2018)

*Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018)

Although *Evans* predates *Ramirez*, and *Ramirez* "alters our understanding of

Spokeo and supersedes *Evans* to the extent *Evans* says that a mere risk of harm is a

sufficiently concrete injury to support a suit for damages," **the essential holding of**

**Evans is unaffected and relevant here. "The outcome of *Evans* would be the same**

**under this decision for the injury the plaintiffs in *Evans* suffered is**

**indistinguishable from the injury the Consumers suffered."** *Ewing v. Med-1 Sols.*,

24 F.4th 1146, 1152, n. 2 (7th Cir. 2022).

Accordingly, Appellant respectfully requests that this Honorable Court reverse

the district court's dismissal on this basis.

### B. THE DISTRICT COURT ALSO ERRED BY MAKING IMPERMISSIBLE FINDINGS OF DISPUTED ISSUES OF FACT BASED OF EXPERIAN MISCHARACTERIZATION OF THE RECORD AND EFFECT OF EXPERIAN'S MATERIALLY INACCURATE REPORTING.

As discussed above, Appellant has standing pursuant to *Spokeo*, *Ramirez* and

Seventh Circuit cases applying standing in the context of inaccurate credit reporting.

Thus, it is improper and unnecessary to consider the **degree** of harm suffered. Parties

challenge the sufficiency or weight of evidence at the summary judgment stage after the completion of discovery (not midway). Nevertheless, out of an abundance of caution, Appellant addresses Experian's contentions and mischaracterization of the facts and evidence.

### i.   *Experian indisputably reported inaccurate information.*

Experian argues that Appellant does not have standing because Experian's reporting was not harmful and was in fact "accurate." Doc. 36, at n.3. This argument is yet another non-starter.

First, Experian fails to acknowledge that federal courts universally hold that reporting an outstanding balance for an indisputably discharged debt is inaccurate. Indeed, just last month, the District of Minnesota granted summary judgment to a plaintiff on the question of accuracy in a similar case.[5] *Ferrin,* No. 20-CV-841-NEB/TNL, at *8-13.

Nevertheless, Experian relies on an argument long rejected by federal courts, i.e., that the reporting of an outstanding balance after a discharge is not inaccurate because it was "historically accurate" or accurate at a prior point in time. Experian knows this is not a viable contention, and federal courts consistently reject this argument because it is not accurate to report an outstanding balance after a debt is

---

[5]   The parties in *Ferrin* are represented by the same law firms as here.

discharged. These courts include the same court that oversaw the *White* proceedings,[6]

and more recently the Ninth Circuit.

In 2007, the court in *Acosta* found:

> [D]efendants contend that they are shielded from liability because, even though a consumer debt is discharged, it is still " technically accurate" to report a balance owed on that debt. *See Irby v. Fashion Bug* (*In re Irby*),337 B.R. 293, 295 (Bankr. N.D. Ohio 2005) (reporting of debt discharged in bankruptcy does not violate discharge injunction because " [a]ll that is being reported is the truth"). Already, several federal courts have rejected this argument.

*Acosta v. Trans Union, LLC*, 240 F.R.D. 564, 578 (C.D. Cal. 2007) (citing *Turner v. J.V.D.B. & Assocs., Inc.*,330 F.3d 991, 995 (7th Cir. 2003) (assertion that person " owed a [discharged] debt that no longer existed" is "on its face ... false"); *DiPrinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175, at *3-4, 2005 U.S. Dist. LEXIS 18002, at *10 (E.D. Pa. Aug. 4, 2005) (representation of discharged debt as due and owing is "actionable [under the FCRA] because it is misleading or materially incomplete")). *See also Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1150 (S.D. Cal. 2018) (Denying motion to dismiss, finding in part, "Plaintiff's credit report does not clearly indicate her debt was subsequently discharged in bankruptcy. In fact, that is the sole reason for her bringing this action.").

---

[6]      *Acosta* was one of the cases consolidated with *White*.

Experian made this argument more recently in *Wheeler*, but the Ninth Circuit handily rejected this contention in May 2022 (the parties in *Wheeler* are represented by the same law firms in this case).

> **Experian's argument that its October 2020 report was accurate because the account information was dated February 2019 is unavailing**. Even if the information was accurate as of February 2019, **continuing to report the account as open after it was discharged in bankruptcy was "misleading in such a way and to such an extent that it could be expected to adversely affect credit decisions**." *Shaw v. Experian Info. Sols*., Inc., 891 F.3d 749, 757 (9th Cir. 2018).

*Wheeler*, No. 21-55585, 2022 U.S. App. LEXIS 11996, at *3.

In sum, Experian has known since at least 2007 that it is inaccurate to continue to report an account as open or with an outstanding balance after the account is discharged in bankruptcy. It is unclear why Experian intentionally continues to implement this unreasonable procedure, and to rely on arguments that it knows are not viable without at least citing the adverse authority of which it is aware from other lawsuits involving Experian.

Accordingly, Experian's contention that the reporting was not inaccurate is demonstrably false.

### ii. Experian mischaracterizes the degree of harm—effect of inaccurate reporting.

As discussed, under *Spokeo*, *Ramirez*, and *Gadelhak*, the degree of harm is not relevant to standing where, as here, Appellant has shown a **material** inaccuracy in a consumer report that is published to third parties. In fact, the *Ramirez* Court conferred

15

standing to all class members whose information was published to a third party, regardless of whether the third parties actually received the publication of the inaccuracies, viewed them, or took any action based on the inaccurate information. The Court did not assess the degree of harm, or require a credit score decrease, credit denial, or demonstration of emotional distress.

Nevertheless, even if it were appropriate to assess the degree of harm where material inaccuracies are shown for the purpose of standing (it is not), Experian's determination that the inaccurate reporting is "accurate," "positive" or "beneficial" is incorrect. Not only does this subvert the principal basis for the *White* class action, but Experian's contention directly conflicts with holdings of countless recent federal appellate and district courts that have determined that Experian's inaccurate reporting of outstanding balances for discharged debt confers standing. Indeed, many of these cases are currently pending and awaiting trial. *See Laura*, No. 20-cv-01573; *Ferrin*, No. 20-CV-841-NEB/TNL.

Further, as noted in Appellant's Opening Brief, Doc. 28, Experian's arguments also directly contradict material published by Experian on its public website where Experian confirms the material significance of a consumer's total amount of reported debt (which Experian nevertheless attempts to evade in its Answering Brief).[7]

---

[7]    As of August 14, 2022, the Experian publications to which Appellant cited in her Opening Brief remain on Experian's website. *See* Doc. 28, notes 10-13.

Accordingly, the District Court's dismissal should also be reversed on this basis.

*C.* **THE DISTRICT COURT MADE INCORRECT AND IMPERMISSIBLE FACTUAL DETERMINATIONS OF DISPUTED ISSUES OF FACT WHILE DISCOVERY REMAINED ONGOING AND INCOMPLETE.**

For the reasons discussed above, Appellant satisfies standing under *Spokeo* and *Ramirez,* so reversal is warranted. Nevertheless, Appellant respectfully further contends that the dismissal was based on impermissible findings of fact.

Experian challenged the sufficiency/weight of Appellant's allegations of economic and financial harm, and separately, emotional distress. However, weighing the evidence here in the context of materially inaccurate reporting is improper, and the purview of a motion for summary judgment (not standing). *See, e.g., Flynn v. FCA U.S., LLC,* No. 20-1698 (7th Cir. July 14, 2022) (considering factual challenge to standing after the close of discovery).

Here, the District Court considered a factual challenge—even weighing the evidence—while material discovery remained ongoing and incomplete. Worse yet, the District Court relied upon two consumer reports generated by Experian that misrepresented Experian's actual reporting. Experian argued that the Appellant's credit score was diminished when the Account and outstanding balance were updated to accurately reflect that there was no outstanding balance and that the Account was included in bankruptcy. This was not the case. Experian also altered the status of the Account by coding the Account with a "charge-off" code. Doc. 28, p.33.

17

As to Appellant's emotional distress, the District Court made another impermissible finding of fact by ruling as matter of law that Appellant did not suffer any emotional distress.

The district court is not permitted to weigh the evidence to determine the extent to which Experian's materially inaccurate reporting was harmful or caused Appellant emotional distress on a standing challenge. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (plaintiff must support standing with "competent proof" understood as "a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists.") (citing *Retired Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996)). The weighing of evidence is the purview of a jury.

Appellant supported standing with the requisite competent proof, but the district court instead weighed the evidence, made incorrect, impermissible findings of disputed factual issues during the pendency of discovery, relied on Experian's materially false/misleading reports that were exhibits—and did so on an incomplete record to boot. None of this was proper. This Circuit recognizes that standing exists where, as here, a plaintiff/consumer's credit or financial representation is affected. *See, e.g., Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780-81 (7th Cir. 2021) ("For example, an FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt.").

### III.     EXPERIAN PRESENTED AN INCOMPLETE CONSUMER REPORT OF THE ACCOUNT TRADELINE THAT IS MATERIALLY FALSE AND MISLEADING; NEVERTHELESS, SINCE THE TRADELINE REPORTING WAS CONSIDERED AND RELIED UPON BY THE DISTRICT COURT, THIS IS NOT THE TYPE OF NEW OR UNDISCLOSED EVIDENCE THAT IS TYPICALLY PRECLUDED.

Notably, Experian does not address the fact that its reports were indeed false/materially misleading. Instead, Experian claims that Appellant somehow delayed or waited to present the myFICO consumer report. This is an impossibility.

First, Appellant could not know that Experian would produce incomplete, misleading, self-generated consumer reports that would be used as an exhibit in the district court in support of Experian's motion, beforehand. Experian's reports were generated by Experian after the District Court lawsuit was filed. Appellant also could not have known that the District Court would not only render an incorrect opinion on standing but rely entirely upon Experian's incomplete, false/misleading reports in doing so. Thus, Experian's contention that Appellant somehow delayed or waited to produce the myFICO consumer report is unfounded and raises the serious question of why Experian failed to disclose complete information on the record about its reporting of the Account tradeline in the first instance.

### RESPONSE TO EXPERIAN'S CROSS-APPEAL

### IV.     STATEMENT OF JURISDICTION.

There is no jurisdiction over Experian's improper "cross-appeal;" alternatively, the district court did not commit reversible error by deeming Experian's

privilege objection waived. Experian failed to timely appeal the discovery order and has instead filed a cross appeal after missing the deadline. Thus, the Court should decline to find jurisdiction over the untimely appeal of the discovery order.

Alternatively, the Court should affirm the discovery order because the record demonstrates that the district court was considerably within its "broad discretion' to find waiver of privilege in response to certain discovery requests based on Experian's bad faith, and willful discovery conduct.

### *A.* EXPERIAN FAILED TO TIMELY APPEAL AND THE CROSS-APPEAL SHOULD BE DISMISSED

Appellant appealed the district court's dismissal based on standing. Doc. 28. Experian filed a cross-appeal of a separate discovery order predating the court's order of dismissal based on standing. Doc. 36, p.38.

A cross-appeal is necessary and proper only when a party wants the appellate court to alter the ultimate judgment of the district court. *See American Bottom Conservancy v. U.S. Army Corps of Engineers*, 650 F.3d 652, 660 (7th Cir. 2011); *Kamelgard v. Macura*, 585 F.3d 334, 336 (7th Cir. 2009); *Jones Motor Co., Inc. v. Holtkamp, Liese, Beckemeier & Childress, P.C.*, 197 F.3d 1190, 1191 (7th Cir. 1999); *Stone Container Corp. v. Hartford Steam Boiler Inspection & Ins. Co.*, 165 F.3d 1157, 1159 (7th Cir. 1999); *Rose Acre Farms, Inc. v. Madigan*, 956 F.2d 670, 672 (7th Cir., 1992).

Experian's appeal does not seek to alter the final judgment in the case below and is therefore not a cross-appeal under the Federal Rules of Appellate Procedure. Experian's appeal instead seeks to modify the magistrate's discovery order, which is a completely separate and unrelated order to the one appealed by Appellant.

Fed. R. App. P. 4(a)(1)(A) provides that a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." "Once a 'final' decision has been made, the clock for filing a notice of appeal begins to run." *Fairley v. Fermaint*, 482 F.3d 897, 901 (7th Cir. 2006). Thus, once the trial court entered final judgment dismissing Appellant's case, the clock for Experian to appeal the prior discovery order began to run. That clock expired on March 11, 2022, and Experian failed to timely or properly Notice of Appeal of the Magistrate's Order. Experian's attempted cross-appeal of a separate discovery order is therefore improper and should be dismissed for lack of jurisdiction.

## V. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY APPLYING WAIVER TO EXPERIAN'S FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND ITS BAD FAITH, WILLFUL DISCOVERY CONDUCT

"[D]istrict courts have broad discretion in discovery matters, and therefore this court reviews the denial of motions to compel discovery for an abuse of discretion." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013); *Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1056 (7th Cir.2000).

An order imposing discovery sanctions is reviewed for an abuse of discretion. *Rice v. City of Chicago*, 333 F.3d 780, 783 (7th Cir. 2003). "[W]e review all discovery sanctions for abuse of discretion and will uphold a district court's decision so long as it could be considered reasonable." *James*, 707 F.3d 784; *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Here, the district court was squarely within its "broad discretion" to deem Experian's privilege objection waived as to the emails Appellant requested.

Privilege is typically asserted on a document-by-document basis. *Indianapolis Airport Auth. V. Travelers Prop. Cas. Co. of Am.*, No. 1:13-cv-01316-JMS-TAB, 2015 WL 4715202 (S.D. Ind. Aug. 7, 2015). The inquiry into whether documents are subject to a privilege is a highly fact-specific one. *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (citing *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990)). Therefore, the Federal Rule of Civil Procedure require that a privilege log "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). However, "[t]he mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003).

The district court was intimately familiar with the parties' ongoing discovery issues, and in the best position to rule on waiver of the disputed emails. Indeed, the Court issued the sanction in a detailed order containing a discussion of Experian's discovery objections and responses in the context of the ongoing discovery. *See Stagger v. Experian Info. Sols.*, No. 21 C 2001, at *12-13 (N.D. Ill. Nov. 15, 2021). This ruling was upheld in the face of Experian's motion for reconsideration. *Id.*, at *2. Thus, a federal court twice recognized that waiver was appropriate based on Experian's abusive discovery.

On appeal, Experian attempts to frame the issue as one where it merely failed to identify documents or produce a privilege log for "irrelevant documents." Doc. 36 at pp. 45. **This is a gross mischaracterization of what transpired**.

First, as Experian concedes, the district court was well aware that, "A party does not have to put together a log of documents it is withholding due to claimed irrelevance and the Opinion did not say otherwise. [Doc. 38, at 12], *Stagger v. Experian Info. Sols.*, No. 21 C 2001, at *2-3 (N.D. Ill. Nov. 29, 2021). Indeed, "This is a matter of common sense and efficiency." *Id*.

However, that is not what Experian did here—as confirmed by two separate judges who reviewed the record. Experian made an unsupported, boilerplate relevance objection in response to a request for specific emails concerning Experian's bankruptcy scrub procedures—**which are the crux of the issues in dispute**.

The parties have apparently whittled this dispute down to emails and document(s) explaining Experian's post-bankruptcy reporting scrub procedures, and the changes Experian made to those procedures in early 2021.

*Id.*, at *6.

Experian's representations and argument on appeal are **remarkable** considering that Experian **admitted** the emails were relevant in the district court:

> **Experian does not dispute that documents pertaining to its post-bankruptcy reporting scrub procedures are relevant**, but does maintain that documents pertaining to changes it made to those procedures in early 2021 are not.

*Id.*

What Experian attempted then (which was evident to both federal court judges that reviewed the record) was to assert boilerplate relevance objections in response to the requested emails (**even though Experian admitted the emails are relevant**), and boilerplate privilege objections (**without having actually reviewed the emails for privilege**), and if the boilerplate relevance objection failed, only then would Experian produce a privilege log in accordance with Rule 26.

Accordingly, the district court correctly admonished:

> [A] party cannot avoid discovery by making an unsupported, boilerplate relevance objection - as Experian did here - bring that objection to court, finally attempt to support it by briefing the matter, and then start all over again with a similarly unsupported privilege objection. But, again, that is what Experian wanted to do here. [Dkt. #49, at 3]. "Motion practice is not a series of trial balloons where you [submit] what you think is sufficient, [you] see how it flies, and if it does not, you go back and try again. If that is the way the system worked we would have motion practice going on forever.

*Id.*, at \*2-3 (citing *Hansel 'N Gretel Brand, Inc. v. Savitsky*, 1997 WL 698179, \*2 (S.D.N.Y. 1997).

The district court found that Experian made impermissible boilerplate objections, and, separately, failed to produce the requisite privilege log regarding the requested emails as Rule 26 requires. *Id.,* at 13-15. This is sufficient in and of itself to constitute waiver of an objection as to the emails. *See, e.g., Flood v. Dominguez*, No. 2:08-cv-153-PPS-PRC, 2011 WL 578656, at \*2 (N.D. Ind. Feb. 9, 2011) ("A party's failure to produce a requisite privilege log may result in the waiver of any privilege."); *Petrovic v. City of Chi.*, No. 06-c-611, 2007 WL 2410336, \*2 (N.D. Ill. Aug. 21, 2007) ("Generally, the result of an inadequate privilege log is disclosure."); *Mold-Masters Ltd. v. Husky Injection Molding Sys., Ltd*., No. 01-C-1576, 2001 WL 1558303, at \*2 (N.D. Ill. Dec. 6, 2001) ("If the description falls below this standard and fails to provide sufficient information for the court and the party seeking disclosure to assess the applicability of the attorney-client privilege . . . , then disclosure of the document is an appropriate sanction."). Indeed, as this Court has long admonished, "An attorney asserting privilege must timely support that claim

with a "privilege log" which describes the nature of each document being withheld."

*Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006).[8] [9]

 **However, the district court did not merely find waiver of privilege as to the requested emails based solely upon Experian's boilerplate objections and failure to produce a requisite privilege log.** The district court **additionally** found that Experian had asserted the privilege objections as to these emails "willfully" and in "bad faith" because **Experian admittedly had not even reviewed the requested emails** to determine whether a privilege was even applicable in the first place:

> **But Experian's position has more serious problems.** It asserts that if the court rules the documents at issue are relevant, it will then – only then – "collect those documents, [and] conduct a privilege review." [Dkt. #30, at 12]. **In other words, according to Experian, it has yet to review the responsive documents. If Experian hasn't gone over**

---

[8]  Experian incorrectly claims Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y of the U.S., 406 F.3d 867, 878 (7th Cir. 2005) is "largely indistinguishable." However, American National involved the imposition of a "blanket" waiver sanction where the producing party had produced the requisite privilege log in accordance with Rule 26. **That did not occur here.** Further, since American National, "virtually every case in this circuit that has discussed or applied the bad faith standard has done so only in conjunction with blanket waiver." Jorling v. Anthem, Inc., 1:09-cv-0798-TWP-TAB, at *5 (S.D. Ind. Aug. 25, 2011) (collecting cases).

[9]  Experian also cites to *Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997) but this is plainly inapposite.  Larsen involves the sudden imposition of attorneys' fees sanctions.  However, both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 each required prior notice. These types of sanctions are not what occurred here. Here, Experian already knew the consequence of asserting a boilerplate objection or failing to produce a privilege log can result in waiver of a privilege objection. This is especially true, where, as here, Experian did not even review the materials for privilege in the first place yet still made a broad, non-specific privilege objection.

**the documents, how could it claim they are privileged in its objections to the plaintiff's document request back in July and, more importantly, how can it claim they are privileged in a brief filed in federal district court? The only answer is that those claims have been made in bad faith and, of course, cannot be upheld.**

\*    \*    \*

**But asserting that documents are privileged without having reviewed them is another matter altogether. It is, as noted, an assertion that can only be said to have been made willfully or in bad faith.** *See Am. Nat'l Bank*, 406 F.3d at 867, 877-78. As such, the circumstances here - no privilege log, and a blanket claim of privilege as to a group of documents counsel admits it has not yet reviewed - warrant a finding that Experian has waived its privilege as to the emails at issue. Accordingly, this portion of plaintiff s motion is granted as well.

*Stagger v. Experian Info. Sols.*, 21 C 2001, at \*12-13 (N.D. Ill. Nov. 15, 2021).

As if that were not clear enough, when Experian moved for reconsideration,

the court clarified":

**Attorneys still have to review documents before claiming they are privileged. And, to fail to do so, and still make such a claim, can still only be described as the result of <u>bad faith</u>, <u>ineptitude</u>, or <u>misguided cleverness</u>. And Experian's lawyers surely do not fall into the first two categories.**

*Id.*, at \*4.

Thus, Experian not only failed to comport with the applicable Federal Rules of Civil Procedure, but asserted broad, sweeping privilege objections without even reviewing whether these materials were in fact privileged. Accordingly, the district was well within its "broad discretion," *James*, 707 F.3d 784; *Kalis* 231 F.3d 1056, to find waiver of privilege as to the emails here. Parties cannot thwart discovery by

27

making a sweeping privilege objection with no accompanying privilege log—**much less any review of the requested materials for to determine whether any privilege applied in the first place.** *See also Melendez v. Illinois Bell Telephone Company*, 79 F.3d 661, 671 (7th Cir. 1996) ("Bad faith, however, is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.") (citing *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992); Patterson, 852 F.2d at 283).

For the foregoing reasons, Appellant respectfully requests that this Honorable Court dismiss Experian's appeal of the district court's discovery order finding waiver of privilege, or, in the alternative, affirm the district court's waiver of privilege finding.

## <u>CONCLUSION</u>

For the foregoing reasons, Appellant respectfully requests that this Honorable Court reverse the District Court's dismissal based on standing.

Appellant respectfully further requests that this Honorable Court dismiss Experian's cross-appeal, or, in the alternative, affirm the district court's finding that Experian waived its privilege objection.

*/s/Dawn McCraw*
Attorney for Appellant
Dated: August 16, 2022

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

☒    this document contains 6,864 words, or

☐    this brief uses a monospaced typeface and contains [state the number of] lines of text.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☒    this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font; or

☐    this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

*/s/Dawn McCraw*
Attorney for Appellant
Dated: August 16, 2022

29

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2022, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users or that I will accomplish service by U.S. Mail for those participants that are not registered CM/ECF users.

/s/ Dawn McCraw
Dawn McCraw
Counsel for Appellant